ON MOTION
DYK, Circuit Judge.

ORDER

The United States moves to summarily affirm the United States Court of Federal Claims’ judgment in Illig v. United States, *884 67 Fed.Cl. 47 (2005). Sarah and Gale Illig respond and do not oppose the motion.
Sarah and Gale Illig own land located along a railroad line. On December 28, 1998, they filed a complaint at the Court of Federal Claims, alleging that the conversion of the railroad line into a recreational trail constituted a taking of their interest in a right-of-way requiring just compensation under the Fifth Amendment. The Court of Federal Claims dismissed the complaint as time-barred by the six-year statute of limitations under the Tucker Act. 28 U.S.C. § 2501. Citing our decision in Caldwell v. United States, 391 F.3d 1226 (Fed.Cir.2004), the court determined that the petitioners’ complaint began to accrue on March 25, 1992, the date that the Interstate Commerce Commission issued its Notice of Interim Trail Use, and that the complaint was not brought within six years of that date.
Sarah and Gale Illig filed an appeal seeking review by this court. We stayed proceedings in this case pending disposition of other cases with similar issues. The United States now moves to summarily affirm the Court of Federal Claims’ judgment. Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted.
The Court of Federal Claims correctly determined that the petitioners’ complaint was time-barred. We held in Caldwell and reaffirmed in Barclay v. United States, 443 F.3d 1368, 1378 (Fed.Cir.2006) that the issuance of the original NITU triggers the accrual of the cause of action under the Tucker Act. Caldwell, 391 F.3d at 1235. Here, as the court determined, the petitioners’ complaint began to accrue on March 25, 1992. Because the petitioners did not bring their complaint within six years of that date, the Court of Federal Claims correctly determined that it lacked jurisdiction and was required to dismiss the complaint. See John R. Sand & Gravel Co. v. United States, — U.S. ——, 128 S.Ct. 750, 757, 169 L.Ed.2d 591 (2008) (affirming this court’s determination that the six-year statute of limitations is jurisdictional and cannot be waived).
We note that the appellants agree that the judgment of the Court of Federal Claims must be affirmed, although they state that they may request rehearing en banc to challenge our holdings in Caldwell and Barclay.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to summarily affirm is granted.
(2) All sides shall bear their own costs.